IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00489-CMA-KLM

JOSE MEDINA ESCOBAR,

    Plaintiff,

v.

ASSOCIATE WARDEN S. FOSTER,
DEPUTY DIRECTOR L. REID,
MAJOR L. MALFELD,
LIEUTENANT L. TRAVIS,
LIEUTENANT TEDEMANN,
LIEUTENANT BURKE,
CAPTAIN PADILLA,
CAPTAIN D. WILLIAMS,
SERGEANT MARQUEZ,
SERGEANT MONTGOMERY,
SERGEANT KELEMAN,
SERGEANT HAWKINS,
SERGEANT FRETWELL,
C/O CALDARONELLO,
C/O P. ARCHULETA,
C/O ALANIS,
C/O AURITI,
C/O SAUCIDO,
C/O KITCHEN,
C/O S. HARTUNG,
C/O MONTANEZ,
C/O B. TETRICK, and
C/O VERSTEEGH,

    Defendants.
_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court pursuant to the Order to Show Cause entered on June 5, 2012 [#32]. In the Order to Show Cause, the Court directed Plaintiff to show cause, in writing and filed with the Court, as to why his claims against Defendants Keleman

1

and Versteegh should not be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m) & 41(b). [#32] at 2-3. Plaintiff was directed to either (1) file proof of service on Defendants Keleman and Versteegh, or (2) respond in writing with an explanation of good cause for his failure to properly serve these Defendants, or (3) provide a current address for these Defendants so as to allow the United States Marshal to effect service. *Id.* Plaintiff's deadline for compliance with the Order to Show Cause was June 19, 2012, and Plaintiff timely filed a response on June 14, 2012 [#36].

Plaintiff initiated this action *pro se* on February 24, 2012 [#1]. Plaintiff was granted leave to proceed *in forma pauperis* on February 29, 2012 [#4], and on March 29, 2012, the Clerk of Court certified that the U.S. Marshals Service had undertaken the task of serving the Summons and Complaint on all Defendants [#8]. On the same date, the Colorado Department of Corrections waived service on behalf of all Defendants other than Defendants Keleman, Versteegh, and Kitchen [#9]. The Waiver included addresses for these three Defendants. *Id.* Defendant Kitchen was served on May 31, 2012. *See* [#30].

On April 2, 2012, a summons was returned unexecuted as to Defendant Versteegh, because the Marshal could not effect service at a P.O. Box, and was not provided with a physical address for Defendant Versteegh [#11]. On April 26, 2012, a summons was returned unexecuted as to Defendant Keleman, indicating that this Defendant's whereabouts are unknown [#26]. To date, nothing filed on the docket by Plaintiff includes revised physical addresses for Defendants Keleman or Versteegh.

While Fed. R. Civ. P. 4(c) requires that the Court effect service of the Summons and Complaint for plaintiffs proceeding *in forma pauperis*, Plaintiff must provide sufficient information for the Court to do so. *See Hill v. Ortiz*, No. 07-cv-00571-LTB-CBS, 2008 WL 2020289, at *6 (D. Colo. May 9, 2008) (unpublished decision). Plaintiff does not provide

2

current addresses for Defendants Keleman and Versteegh in his Response (or otherwise), but accuses the Colorado Attorney General's office and the administration of the Colorado Department of Corrections of withholding the addresses. This allegation is unsubstantiated by any factual development or evidentiary support in the Response, and is thus rejected by the Court. In any event, as stated, it is Plaintiff's responsibility to keep the Court apprised of information needed to properly effect service, as "[t]he court need not require the U.S. Marshal or the Clerk of the Court to search for [the unserved defendants]." *Hill*, 2008 WL 2020289 at *6. The Marshals Service attempted to but could not locate Defendants Kelman and Versteegh at the addresses provided by Plaintiff, and in the absence of correct information provided by Plaintiff, the Marshals Service has completed its duty. At this stage, it is clear that Plaintiff cannot provide the necessary information to effect service on Defendants Keleman and Versteegh.

Plaintiff was warned in advance that the penalty for the inability to serve or for failing to provide good cause for the delay of service would be dismissal of his case against the unserved Defendants. [#32] at 3. Accordingly,

IT IS HEREBY **ORDERED** that the Order to Show Cause [#32] is made **ABSOLUTE**.

The Court respectfully **RECOMMENDS** that Defendants Keleman and Versteegh be **DISMISSED WITHOUT PREJUDICE** as a party from this action, pursuant to Fed. R. Civ. P. 4(m).[1]

---

[1] The Court notes that the time for service pursuant to Fed. R. Civ. P. 4(m) expires on June 23, 2012, as Plaintiff filed his Complaint on February 24, 2012 [#1]. This deadline is instantly forthcoming, and further, Plaintiff's failure to provide the Court and the Marshal Service with correct addresses for Defendants Keleman and Versteegh interferes with the Court's management of this case. As described herein, Plaintiff has had ample notice and time in which to facilitate service on Defendants Keleman and Versteegh, yet he has failed to do so.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: June 18, 2012

BY THE COURT:

/s/ Kristen L. Mix

Kristen L. Mix
United States Magistrate Judge