IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 12-cv-00489-CMA-KLM

JOSE MEDINA ESCOBAR,

    Plaintiff,

v.

ASSOCIATE WARDEN S. FOSTER,
DEPUTY DIRECTOR L. REID,
MAJOR L. MALFELD,
LIEUTENANT L. TRAVIS,
LIEUTENANT TEDEMANN,
LIEUTENANT BURKE,
CAPTAIN PADILLA,
CAPTAIN D. WILLIAMS,
SERGEANT MARQUEZ,
SERGEANT MONTGOMERY,
SERGEANT HAWKINS,
SERGEANT FRETWELL,
C/O CALDARONELLO,
C/O P. ARCHULETA,
C/O ALANIS,
C/O AURITI,
C/O SAUCIDO,
C/O KITCHEN,
C/O S. HARTUNG,
C/O MONTANEZ, and
C/O B. TETRICK,

    Defendants.

## ORDER

This matter is before the Court on a "Motion for Recusal of Both Trial Judge C.M. Arguello and Magistrate Judge K.L. Mix" filed by *pro se* prisoner Plaintiff, Jose Medina Escobar.  (Doc. # 106.)  For the following reasons, Plaintiff's motion is DENIED.

Plaintiff has filed many lawsuits in this district. (Case Nos. 08-cv-01992-ZLW, 90-cv-00018-RPM, 91-cv-01580-RPM, 93-CV-1950-LTB, 96-cv-00107-RPM, 93-cv-01950-LTB, 96-cv-00107-RPM, 99-cv-01573-RPM, 02-cv-01796-REB-BNB, 06-cv-01222-CMA-KLM, 09-cv-02207-CMA-KLM, 10-cv-2050-CMA-KLM, 11-cv-00169-CMA-KLM, 11-cv-01443-CMA-KLM, 12-cv-00489-CMA-KLM, 12-cv-01662-CMA-CBS, 12-cv-03052-CMA-KLM.)  In these lawsuits, Plaintiff has filed several motions to recuse based on unfounded and incendiary accusations of personal biases. (*See* Case No. 06-cv-1222, Doc. ## 105 (trial court and magistrate judges "have been extreme biased, discriminative/racially"); 310 (accusing magistrate judge of "bias and prejudice, hostilities, gender and racial discrimination"); *see also* Case No. 12-cv-01662-CMA-CBS, Doc. # 34 ("this district court has for numerous years [] forced the Plaintiff to consummate a continual series of beatings, infliction after infliction of unnecessary pain – hunger, thirst, warmth, etc. due to malfeasance, nonfeasance, and severe bias due to his unwarranted accusations against the U.S. magistrate judge in 2008.")

On May 2, 2013, Plaintiff once again filed a motion requesting that the trial and magistrate judges recuse from this case. (Doc. # 106.)  In support of his motion, Plaintiff again lodges numerous disrespectful, baseless, and outlandish allegations against United States Magistrate Judge Kristen L. Mix[1] and the undersigned. As examples, Plaintiff contends that "both court officials entered into an understanding and agreement and conspired to willfully, maliciously and arbitrarily deprive Plaintiff through

---

[1]  On April 5, 2012, Magistrate Judge Mix was assigned to this case to handle all non-dispositive pre-trial matters, pursuant to 28 U.S.C. § 636(b)(1)(A), and issue recommendations on dispositive matters, pursuant to 28 U.S.C. § 636(b)(1)(B).  (Doc. # 14.)

an act of discrimination in retaliation for his previous allegations against U.S. Magistrate Judge Mix, his equal protections of the law, and that their nonfeasance or misfeasance has interfered with the due course of justice." (Doc. # 106 at 2.) Plaintiff also baselessly asserts that "both court officials have dragged their feet when it comes to ruling on Plaintiff's motions for injunctive/preventative relief, and/or shaped and/or arranged their case law, legal authority to deny Plaintiff all his motions for injunctive relieve . . . ." (*Id.* at 1.)

Although Plaintiff fails to identify under what rule or statute he seeks recusal, the Court will construe his motion under 28 U.S.C. §§ 144 and 455. Title 28 U.S.C. § 144 provides a procedure whereby a party to a proceeding may request the judge before whom the matter is pending to recuse himself or herself based upon personal bias or prejudice either against the moving party or in favor of any adverse party. Section 144 requires the moving party to submit a timely and sufficient affidavit of personal bias and prejudice. *See Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997). "The affidavit must state with required particularity the identifying facts of time, place, persons, occasion, and circumstances." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987). Although the Court must accept the facts alleged in the supporting affidavit under § 144 as true, the affidavit is construed strictly against the moving party. *See Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988). "[C]onclusions, rumors, beliefs, and opinions are not sufficient to form a basis for disqualification." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987) (citing *Berger v. United States*, 255 U.S. 22 (1921)). The moving party has a substantial burden "to demonstrate that the judge is not impartial." *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1997).

Title 28 U.S.C. § 455(a) provides a broader scope for claims of prejudice and bias. *Glass*, 849 F.2d 1267. Under this section, a judge "shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned," and § 455(b)(1) provides that a judge shall also disqualify herself where she "has a personal bias or prejudice concerning a party[.]" The goal of this provision is to avoid even the appearance of partiality and thereby "promote public confidence in the integrity of the judicial process." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988). Pursuant to § 455, the Court is not required to accept all factual allegations as true, "and the test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Glass*, 849 F.2d 1268 (internal quotation marks omitted); *see also Hinman*, 831 F.2d at 939. "A judge should not recuse [herself] on unsupported, irrational, or highly tenuous speculation." *Hinman*, 831 F.2d at 939. The standard is objective and the inquiry is limited to outward manifestations and reasonable inferences drawn therefrom. *See United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993). However, the statute should not be used as a veto power over judges or as a "judge shopping device." *Nicols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995).

In the instant case, the Court finds that recusal is not required under either §§ 144 or 455. With respect to § 144, Plaintiff has failed to identify any facts concerning Magistrate Judge Mix's or the undersigned's bias with particularity. Accordingly, Plaintiff has failed to meet his substantial burden to demonstrate the impartiality of Magistrate Judge Mix and/or the undersigned.

With respect to § 455, the Court finds that no reasonable person, knowing all the relevant facts (*i.e.,* Plaintiff's disrespectful, baseless, and outlandish allegations of bias

4

and prejudice) would harbor doubts about either judge's impartiality.  Moreover, to the extent that Plaintiff's motion arises from certain decisions Plaintiff deems unfavorable, such unfavorable decisions are not sufficient to demonstrate that disqualification is appropriate pursuant to either § 144 or § 455(a) because "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994).  Furthermore, opinions held by judges as a result of what they learned in earlier proceedings is not subject to characterization as "bias" or "prejudice." *Id.* at 551.  "It has long been regarded as normal and proper for a judge to sit in the same case upon its remand, and to sit in successive trials involving the same [party]." *Id.* To the extent Plaintiff contends that Magistrate Judge Mix and the undersigned have "dragged their feet" in ruling on his motions, the Court assures Plaintiff that it aims to rule on his motions in a timely manner.  The Court notes that Plaintiff filed a motion on April 18, 2013 and another on April 29, 2013, then filed the instant motion requesting recusal of both judges less than a week later on May 2, 2013.  Plaintiff then supplemented his April 18th motion on May 9, 2013.  This timeline does not demonstrate that the Court has failed to make timely rulings on Plaintiff's motions.  Accordingly, the Court finds that denial of Plaintiff's motion is warranted.

     Lastly, the Court notes that in this case and others, Plaintiff has repeatedly lodged disrespectful, baseless, and outlandish allegations of bias and prejudice against Magistrate Judge Mix and the undersigned.  The Court has previously admonished Plaintiff for this behavior. (Case No. 06-cv-01222-CMA-KLM, Doc. # 312 at 4, Order Denying Motion to Recuse Magistrate and Trial Judge) ("The Court admonishes Plaintiff for his incessant practice of [baselessly] insulting the judiciary and making a mockery of

these judicial proceedings. This behavior will no longer be tolerated."); *see also Escobar v. Holditch*, 2011 WL 3924970, *1 (D. Colo. Sept. 6, 2011) (reminding Plaintiff of admonishment)). At all times during the course of this matter, the undersigned has found that Magistrate Judge Mix's rulings are adequately supported by the law and her analysis is thorough, correct, and impartial. The Court reiterates its admonishment of Plaintiff for his incessant practice of insulting the judiciary and making a mockery of these judicial proceedings. This behavior will not be tolerated. Plaintiff's conduct has interfered with "one of the principal purposes of our court systems – to provide safe, effective forum for resolving disputes that is characterized by civility." *Lynn v. Roberts*, No. 01-3422, 2006 WL 2850273, at *7 (D. Kan. Oct. 4, 2006) (unpublished). Plaintiff is warned that any future filings that contain disrespectful, baseless, and outlandish allegations against the judiciary **will** result in such pleadings being stricken from the record.

    Accordingly, IT IS ORDERED THAT:

(1)     Plaintiff's Motion to Recuse Magistrate and Trial Judge (Doc. # 106) is DENIED; and

(2)     Plaintiff's filing of any further pleadings that contain disrespectful, baseless, and outlandish allegations against the judiciary will result in such pleadings being stricken from the record.

    DATED: May __15__, 2013

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge